## Consolidation of State and National Banks

SAYLOR, Deputy Attorney General, January 25, 1934.—You have asked to be advised in connection with the consolidation of a State bank, bank and trust company, or trust company and a National bank, under the charter of a National bank doing business in the Commonwealth, where such consolidation was effected prior to or after July 3, 1933, the effective date of the Banking Code of May 15, 1933, P. L. 624. Your specific inquiries are as follows:

1. Whether the Act of Congress authorizing the consolidation of a State institution with a National bank is operative in the absence of Pennsylvania legislation on the subject.

2. Whether a National bank without any court proceeding succeeds as fiduciary a State institution which has consolidated with it.

3. Whether, following such consolidation, the charter of the State institution continues in existence and, if so, whether any steps should be taken to dissolve it.

In replying to these inquiries, we restrict our advice to consolidations as contemplated by the Federal law. This opinion does not cover the subject of mergers whereby the charters of two or more institutions are dissolved and new corporations created.

1. State banks and bank and trust companies may consolidate with National banking associations under the charters of such National banking associations under the provisions of the Act of Congress of June 16, 1933, 48 Stat. at L. 162, which amends the Act of November 7, 1918, 40 Stat. at L. 1044, 12 U. S. C. § 34 (a), by adding section 3 thereto. This section provides, inter alia:

". . . All the rights, franchises, and interests of each of such constituent banks and national banking associations in and to every species of property, real, personal, and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such consolidated national banking associa-

tion without any deed or other transfer; and such consolidated national banking association, by virtue of such consolidation and without any order or other action on the part of any court or otherwise, shall hold and enjoy the same and all rights of property, franchises, and interests, including appointments, designations, and nominations and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics and in every other fiduciary capacity, in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any such constituent institution at the time of such consolidation. . . . No such consolidation shall be in contravention of the law of the State under which such bank is incorporated."

We know of no legislation of this Commonwealth which the Federal act contravenes. On the contrary, there have been on our statute books and still are certain acts which, while not directly giving cognizance to the Federal act quoted, show the intent of our legislature to provide for the very same result in an opposite direction. The Act of April 16, 1929, P. L. 522, which was repealed by the Banking Code of 1933, provided for the merger and consolidation of National banking associations with State banks and bank and trust companies, whereby the rights, franchises, and interests of the National banking associations in and to every species of property were transferred to the State institutions. In such case, the latter, under the provisions of section 7 of that act, held and enjoyed all the rights and property of the National banking associations, inter alia:

". . . including the right of succession as trustee, executor or in any other fiduciary capacity, if qualified by its charter under the laws of this Commonwealth, in the same manner and to the same extent as was held and enjoyed by such National banking association."

Furthermore, the Act of April 25, 1929, P. L. 763, also repealed by the Banking Code, provided for the conversion of National banking associations into State banks or bank and trust companies, which by the provisions of section 8 succeeded to the fiduciary rights and powers of such National banking associations in the same manner as was provided by section 7 of the Act of April 16, 1929, P. L. 522.

We are advised of no case where a National banking association merged with a State institution or was converted into a State institution under the provisions of these acts. However, provision is made in the Banking Code specifically authorizing such mergers and conversions.

We do, however, have the precedent of a State institution consolidating with a National banking association under the charter of the latter, the National banking association succeeding to the fiduciary relationships of the State institution. In that case, Northampton Trust Company consolidated with First National Bank of Easton, which then became First National Bank & Trust Company of Easton. Litigation involving the question whether the charter of the State institution continued in existence brought the matter before the Supreme Court of Pennslvania. In Commonwealth v. First National Bank & Trust Co. of Easton, 303 Pa. 241, 245 (1931), the court held:

"There is no law in Pennsylvania which prevents or forbids such consolidation; . . ."

Accordingly, it is our opinion that the Act of Congress of February 25, 1927, reënacted in the Act of June 16, 1933, was fully operative in the Commonwealth of Pennsylvania prior to the effective date of the Banking Code of 1933 and is now operative therein.

2. If a State bank or bank and trust company, which has exercised fiduciary powers, is consolidated with a National bank under the charter of such National bank, the latter automatically succeeds the State institution in all matters in which it had acted in a fiduciary capacity, provided the State law does not provide otherwise. This is clear from the provisions of section 3 of the Act of Congress of June 16, 1933, quoted above. Those provisions have been interpreted by the Supreme Court of the United States to mean that such automatic succession results only where the laws of the State are not thereby contravened. In Ex parte Worcester County National Bank of Worcester, 279 U. S. 347 (1929), the United States Supreme Court held that the provisions of section 3 would not be construed as transferring the office of executor from a State trust company absorbed by a National bank to the succeeding National bank, where under the law of the State no one may act as executor except by the appointment of the probate court. That case involved the consolidation of a Massachusetts bank and a National banking association under the charter of the latter. Under the law of that State, no one could succeed to the void and defunct trust company as executor except by appointment by the probate court. Consequently, the United States Supreme Court held that the consolidated National bank could become succeeding executor only by appointment upon application to the proper probate court.

We do not have that situation in Pennsylvania. We find no law which is contravened by the provisions of the Federal act. On the contrary, there are statutes which provide that where a State institution results from the merger or consolidation process it automatically succeeds to all the fiduciary powers of the constituent companies.

That was true prior to the enactment of the Banking Code of 1933, and it is true now. In our opinion in Powers of Merged Trust Companies and Banks, 13 D. & C. 396, your predecessor, Hon. Peter G. Cameron, was advised that under the provisions of Acts Nos. 365 and 366, approved April 26, 1929, P. L. 839, no legal action was necessary for the transfer of trust estates held by a trust company that merged or consolidated with a National banking association pursuant to the provisions of the Act of Congress of 1927 above quoted. This was true whether such consolidation took effect prior or subsequent to the effective date of the State acts.

The Banking Code of 1933 repealed the two acts of April 26, 1929, P. L. 839, and in lieu thereof provided as follows:

"Section 1410. Effect of Merger or Consolidation on Estates Held or to Be Held in Fiduciary Capacity.—A. Whenever one or more of the bank and trust companies, trust companies, or national banking associations, which have participated in a merger or a consolidation, were authorized, under the laws of this Commonwealth or of the United States, to act in a fiduciary capacity, all the funds, property, or investments, held by such corporation or corporations as trustee, guardian, executor, administrator, or other fiduciary, shall be taken and deemed to be transferred to and vested in the surviving or new incorporated institution without any further act or deed, or any order or decree of any court or other tribunal, whether or not the original fiduciary was appointed by parol, by deed, by order of court, or by the issuance of letters testamentary or letters of administration. The surviving or new incorporated institution shall become fiduciary to the same extent and with the same rights, powers, duties, and liabilities in its capacity as fiduciary as the corporation which was originally fiduciary, and from which, by operation of the provisions of this section the surviving or new incorporated institution has taken over the relationship of fiduciary."

Thereafter follow provisions requiring notice to parties interested in the

estates for which the merging or consolidating institutions were acting in a fiduciary capacity.

The language quoted clearly indicates that no court proceeding is necessary to effect a transfer of the fiduciary powers and activities of the merging or consolidating institutions to the State institution which survives.

There is no law of Pennsylvania which is contravened by the Federal act. Our legislature has provided that where a State institution survives the merger the result is the same as that effected by Federal law where a National institution survives. Accordingly, it is our opinion that the National banking association under whose charter a State institution consolidates automatically succeeds such State institution as fiduciary.

3. Where such consolidation has been effected, there is no dissolution of the charter of the State institution but merely a consolidation of the two corporations resulting in all the assets of the State institution becoming the property of the National bank, whose charter continues in existence. The charter of the State institution likewise continues to exist and can be dissolved only under the laws of the Commonwealth of Pennsylvania.

In Commonwealth v. First National Bank & Trust Co. of Easton, supra, it was held that the Federal Government has no power to create or destroy State institutions, and that it is necessary, in the event of a consolidation under the Act of Congress of 1927, that the charter of the State institution be dissolved.

Application for such dissolution should be made by the corporation under the provisions of the Act of April 9, 1856, P. L. 293, in the court of the county where it formerly transacted business. This act was repealed by the Business Corporation Law of May 5, 1933, P. L. 364, but only insofar as it relates to business corporations. It remains in effect with respect to incorporated banks and bank and trust companies.

If the institution fails to make such application, its charter becomes automatically forfeited by operation of law at the end of the 2-year period during which it has not exercised at least one of its powers.

Section 1504 of the Banking Code, effective July 3, 1933, provides as follows:

"A. The articles of incorporation in the case of an incorporated institution, and the certificate of authorization in the case of a private bank, shall be automatically forfeited by operation of law when—

. . . . . . . . . . . . .

" (3) In the case of an incorporated institution, it has formerly exercised any of the powers conferred upon it by its articles of incorporation, or in the case of a private bank, by its certificate of authorization, but for a period of two years it has not exercised at least one of such powers".

Pursuant to the provisions of subsection (b) of this section, following determination that an institution consolidated under the charter of a National banking association has not exercised its powers for a period of at least 2 years following such consolidation, the Department of Banking should issue a certificate of forfeiture of the articles of incorporation and file it with the Department of State.

This provision, making the forfeiture of the charter automatic upon the failure of the State institution to function for 2 years, eliminates the necessity of quo warranto proceedings. Section 17 of the Banking Act of 1923, as amended by the Act of May 5, 1927, P. L. 762, provided that upon failure of a State institution to exercise its corporate privileges for 2 years "such corporation shall be returned by the secretary" to the Attorney General for procedure by quo warranto to oust the corporation from its charter rights and to have its corporate privileges declared null and void. This act was repealed by the

Department of Banking Code of May 15, 1933, P. L. 565. Section 503 thereof, however, provides, inter alia, as follows:

"A. When any corporation subject to the supervision of the department. . . (3) has formerly exercised any of its corporate powers but for a period of two years has not exercised at least one of them, the department shall notify the Department of Justice of these facts, and the Department of Justice may then proceed by quo warranto against such corporation, in the manner provided by law, to oust it from its corporate powers and privileges."

Consequently, the secretary still has the duty to refer the matter to the Attorney General, even though he has declared the forfeiture as provided by section 1504 of the Banking Code. The Attorney General may then, if he so desires, proceed to secure a decree dissolving the charter.

### Summary

Therefore, you are advised that the Act of Congress of 1933 authorizing the consolidation of a State banking institution with a National banking association under the charter of the latter has been and now is in full force and effect in this Commonwealth. By virtue of consolidation under such act, a National banking association succeeds the State institution in its fiduciary relationships without the necessity of court proceedings. The charter of the State institution continues in existence and should be dissolved by appropriate proceedings instituted by the corporation. Failing such action, you should declare the institution's articles of incorporation forfeited upon its failure to exercise at least one of its powers during a period of 2 years following its consolidation with a National banking association and notify the Attorney General of such facts.

From C. P. Addams, Harrisburg, Pa.